IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:21CR775 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE PAMELA A. BARKER |
| vs. | : | |
| | : | |
| DION BAKER, | : | **DEFENDANT BAKER'S** |
| | : | **TRIAL BRIEF** |
| Defendant. | : | |
| | : | |

In accordance with this Court's trial order, Defendant Dion Baker, through undersigned counsel, respectfully submits the following Trial Brief for his trial scheduled to commence November 7, 2022. (R. 16: Trial Order).

        Respectfully submitted,

        STEPHEN C. NEWMAN
        Federal Public Defender
        Ohio Bar: 0051928

        */s/ Khalida Sims Jackson*
        KHALIDA SIMS JACKSON
        Assistant Federal Public Defender
        Ohio Bar: 0090054

        */s/Ashlynn Rotta Mejia*
        ASHLYNN ROTTA MEJIA
        Attorney at Law
        Ohio Bar: 0100465

        */s/ Lori B. Riga*
        LORI B. RIGA
        Research & Writing Attorney
        Ohio Bar: 0066994
        1660 West Second Street, Suite #750
        Cleveland, OH 44113

(216) 522-4856 Fax: (216) 522-4321  
E-mail:  
Khalida_jackson@fd.org;  
Ashlynn_Rotta-Mejia@fd.org  
Lori_riga@fd.org

# TRIAL BRIEF

## I. Statement of facts.

On September 17, 2021, Mr. Baker was seated as a front-seat passenger in a vehicle parked at Mr. C's Food Mart and Deli in Cleveland, Ohio. After observing marijuana and alcohol in the vehicle, police removed Mr. Baker and the driver and searched the vehicle, finding a Glock model 22, 40 caliber, semi-automatic pistol on the front passenger floor. Mr. Baker was charged in a one-count indictment of possessing a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Mr. Baker denies knowingly possessing the above referenced firearm. He has, therefore, entered a plea of Not Guilty to the indictment. No DNA or genetic testing analysis has been performed on the firearm.

## II. Elements of the offenses and the issue in dispute.

Dion Baker is charged with one count of possession of felon in possession. (R. 1: Indictment). To support a conviction on this charge, the government must prove these elements beyond a reasonable doubt:

(1) previously had been convicted of a crime punishable by more than one year of imprisonment;

(2) after a felony conviction, knowingly possessed the firearm specified in the indictment;

(3) at the time he possessed the firearm, knew he had been convicted of a crime punishable by imprisonment for more than one year; and,

(4) that the firearm crossed a state line prior to the alleged possession.

*See* Sixth Circuit Pattern Jury Instruction 12.01.

Mr. Baker will not dispute that he has a prior felony conviction or that the weapon police obtained had travelled in interstate commerce. He will dispute that the firearm found in the vehicle belonged to him and that he therefore possessed it. Thus, there is only one narrow issue that the jury must consider during trial.

**III.**     **Reasonably anticipated evidentiary issues.**

Undersigned counsel anticipates the following evidentiary issue may arise at trial.

        **Pending motions in limine.**

Mr. Baker has one pending motions in limine: introducing an audiotaped conversation with law enforcement regarding his general knowledge of gun sales in the Cleveland area, pursuant to Evidence Rule 403 and 404(b). (R. 25: Motion in limine).

Federal Rule of Evidence 404(b) prohibits the use of evidence of any other crime, wrong, or act to prove a person's character in order to show that the person acted in accordance with the character on a particular occasion. Fed. R. Evid. 404(b)(a). That same evidence may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). When deciding whether to admit Rule 404 (b) evidence, courts ask if (1) the other acts occurred, (2) the government offered the evidence for a proper purpose, and (3) a danger of unfair prejudice substantially outweighs the probative value of the evidence. *United States v. Carter*, 779 F.3d 623, 625 (6th Cir. 2015).

Mr. Baker is concerned the government may try to present purported statements made during his arrest on September 17, 2021, and the audiotaped interview with law enforcement on September 21, 2021. Neither of these falls within the permitted uses and/or presents a danger of

unfair prejudice that substantially outweighs the probative value of the evidence.

IV. **Estimated length of trial.**

    Mr. Baker anticipates trial will last approximately two or three days.

                    Respectfully submitted,

                    STEPHEN C. NEWMAN
                    Federal Public Defender
                    Ohio Bar: 0051928

                    */s/ Khalida Sims Jackson*
                    KHALIDA SIMS JACKSON
                    Assistant Federal Public Defender
                    Ohio Bar: 0090054

                    */s/Ashlynn Rotta Mejia*
                    ASHLYNN ROTTA MEJIA
                    Attorney at Law
                    Ohio Bar: 0100465

                    */s/ Lori B. Riga*
                    LORI B. RIGA
                    Research & Writing Attorney
                    Ohio Bar: 0066994
                    1660 West Second Street, Suite #750
                    Cleveland, OH 44113
                    (216) 522-4856 Fax: (216) 522-4321
                    E-mail:
                    Khalida_jackson@fd.org;
                    Ashlynn_Rotta-Mejia@fd.org
                    Lori_riga@fd.org