IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21CR775 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| DION BAKER, | ) | GOVERNMENT'S TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Michelle M. Baeppler, First Assistant United States Attorney, and Scott Zarzycki, Assistant United States Attorney, and hereby submits the following trial brief.

I. **SUMMARY OF THE CASE AND OFFENSE**

Dion Baker (hereinafter Defendant) is charged in a single-count indictment with possession of a firearm and ammunition that moved in interstate commerce as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

If this case proceeds to trial, the United States intends to offer evidence of the following:

On September 17, 2021, at 10:30 p.m., Agents with the Ohio Investigative Unit were in the parking lot of "MR. C's" food mart at 12611 Shaw Avenue in Cleveland, Ohio where they had an unrelated individual under arrest for weapons violations.

While Agents were conducting their investigation, Agent Mone was parked in his unmarked Police vehicle and observed a Kia Optima parked next to the vehicle where the other agents were conducting their investigation. The driver of the Kia was later identified as Aliyah

Elkins, and the front seat passenger was later identified as Dion Baker.  Agent Mone observed Baker and Elkins drinking liquor in their vehicle before they noticed Agents.  As soon as Baker noticed Agents next to their vehicle, he lifted his shirt, reached into his waistband area and then bent over and appeared to reach under his seat.  After this, Baker then leaned his seat back as if to be concealing himself from view.  Agent Campbell observed Baker reach under his seat, look around furtively as if to see if anybody saw his actions, and lean his seat back so that he was out of view of Agents.

Agent Cesaratto approached window and identified himself as a Police Officer.  Agent Cesaratto could smell the presence of raw marijuana and observed suspected raw marijuana in a cup on the center console and a bottle of Casamigos tequila and cups of liquor.  Agent Cesaratto detained Baker and Elkins.  Agent Cesaratto asked Baker if he had any weapons on him or in the vehicle, to which Baker stated that he did not.  Agent Cesaratto advised Baker that he was being arrested for drinking liquor in the vehicle and secured the liquor and suspected marijuana as evidence.  Agent Cesaratto also recovered a Glock 22 firearm, .40 caliber, and extended magazine serial number: VYY682 loaded with 19 live .40 caliber rounds from under the front passenger seat where he was seen reaching.  Elkins immediately claimed ownership of the firearm, however, after Baker was advised of his Miranda rights, he admitted the firearm was his.

## II. CONTROLLING LAW

### A. Felon in Possession of a Firearm and Ammunition

Title 18, United States Code, Section 922(g)(1), makes it a crime for a person to knowingly possess a firearm or ammunition in and affecting interstate commerce after having been convicted of a crime punishable by more than one year imprisonment.  The government must prove the following elements beyond a reasonable doubt:

(1) That the defendant has been convicted of a crime punishable by imprisonment for more than one year.

(2) That the defendant, following his conviction, knowingly possessed a firearm and ammunition specified in the indictment.

(3) At the time defendant possessed the firearm and ammunition, he knew he had previously been convicted of a crime punishable by imprisonment for more than one year.

(4) That the specified firearm and ammunition crossed a state line prior to the alleged possession. It is sufficient for this element to show that the ammunition was manufactured in a state other than Ohio.

### III. EVIDENTIARY ISSUES

#### A. AUDIO RECORDING AND TRANSCRIPTS

The United States intends to introduce a brief audio recording of Defendant's statement to Special Agents Patrick Lentz and Douglas Smith. Additionally, the government is preparing a transcript of a portions of the audio that will play contemporaneously with the video. The government has provided this transcript to defense counsel, as well as submitted the relevant pattern jury instruction regarding recordings as an aid in receiving evidence.

#### B. DEFENDANT'S SELF-SERVING EXCULPATORY STATEMENTS

It is well-settled that defendants cannot seek to introduce their own self-serving exculpatory statements. *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005) (citing *United States v. Wilkerson*, 84 F.3d 692, 696 (4*Bth Cir. 1996), *cert. denied*, 522 U.S. 934 (1997)). Indeed, while the Federal Rules of Evidence allow the government to introduce inculpatory statements made by a defendant, the "Rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission

by that same party." *Id.* Thus, while the government is permitted to introduce some or all of a defendant's statements against him as non-hearsay admissions of a party-opponent under Rule 801(d)(2), a defendant is not permitted to introduce his own statements under the same Rule.

This rule applies equally to the evidence the defendant seeks to introduce in his own case as it does to the evidence he tries to elicit through the cross-examination of witnesses. Because the government may be introducing portions of the defendant's statements, primarily in the form of audio recordings, the defendant may seek to introduce other portions of the statements made to detectives into evidence pursuant to Rule 106. The "rule of completeness," however, does not override the prohibition from admitting self-serving, exculpatory statements. *Gallagher*, 57 Fed. Appx. at 628-29. The "completeness doctrine embodied in Rule 106 should not be used to make something admissible that would otherwise be excluded." *Id.*, quoting *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 718 (6th Cir. 1999); *see also United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982). If the government were seeking to mislead the jury regarding the actual meaning of one of the defendant's admissions, the completeness doctrine might be implicated. That, however, is not the case here.

## IV. TRIAL DOCUMENTS

### A. STIPULATIONS

The United States and the Defendant have entered into the following stipulations:

1. The Glock, Model 22, .40 caliber, semiautomatic pistol, bearing serial number VYY682, and ammunition charged in Count 1 of the indictment, were manufactured outside the state of Ohio, and therefore traveled in and affected interstate commerce. (R. 21: Nexus Stipulation, PageID 70).

2. Prior to the date of the crime charged in the indictment, DION BAKER knew that he was convicted of a crime punishable under the laws of the State of Ohio by a term of imprisonment exceeding one year. (R. 22: Felony Stipulation, PageID 71).

B. PROPOSED JURY INSTRUCTIONS

The United States respectfully requests that the Court instruct the jury using the joint proposed jury instructions and the proposed verdict form. (R. 27: Jury Instructions, PageID 94-133).

C. PROPOSED *VOIR DIRE* QUESTIONS

The United States respectfully requests that the Court direct the filed joint proposed voir dire questions (R. 23: Voir Dire, PageID 72-80) to the jury panel during *voir dire* examination.

D. PRELIMINARY STATEMENT

The United States respectfully requests that the Court use the Joint proposed preliminary statement. (R. 26, Prelim Statement, PageID 92-930. It states as follows:

"The Indictment in this case accuses Defendant Dion Baker of being a convicted felon in possession of a firearm and ammunition, on or about September 17, 2021. Specifically, the United States alleges that on September 17, 2021, Defendant Baker possessed a firearm and ammunition in the parking lot of Mr. C's Food Mart and Deli, located at 12611 Shaw Avenue in Cleveland. As of that date, Defendant Baker knew he had been previously convicted of a crime punishable by more than one year imprisonment. The United States further alleges that the firearm and ammunition in question were manufactured outside of the State of Ohio and therefore traveled in interstate commerce prior to September 17, 2021."

Defendant has entered a not guilty plea and is presumed innocent of the charge as a matter of Constitutional right."

## IV. **CONCLUSION**

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

Respectfully submitted,
MICHELLE M. BAEPPLER
Acting United States Attorney

By:    /s/ *Scott Zarzycki*
       Scott Zarzycki (OH: 0072609)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3971
       (216) 522-8355 (facsimile)
       Scott.Zarzycki@usdoj.gov